MATTER OF WONG

In Visa Petition Proceedings

A-17172732

*Decided by Board August 31, 1967*

Petitioner's marriage in China in 1944 to his concubine, the beneficiary, is not valid to confer on her second preference status as his prior marriage contracted in 1925 was not legally terminated until February 7, 1967.

ON BEHALF OF PETITIONER: Hiram W. Kwan, Esquire
1011 North Broadway
Los Angeles, California 90012
(Brief filed)

The case comes forward on appeal from the order of the District Director, San Francisco District, dated May 18, 1967 denying the visa petition for the reason that the petitioner has failed to establish the relationship claimed, in that he was first married to So Ngan Lui on January 2, 1925, which marriage was not terminated until February 7, 1967 by divorce in Las Vegas, Nevada. The petitioner has failed to establish that he married the beneficiary, Wong Chau, whom he took as his concubine on May 5, 1944, subsequent to the legal termination of the first marriage; therefore, the petitioner is not eligible to confer any preference status on the beneficiary.

The petitioner, a native and citizen of China, 58 years old, male, was lawfully admitted for permanent residence at San Francisco, California on March 29, 1966. He seeks second preference status on behalf of the beneficiary as his wife. The beneficiary is a native and citizen of China, 47 years old. The visa petition alleges that the parties were married on May 5, 1944 at Pong Wu, Kwangtung, China. A prior marriage of the petitioner was terminated by a divorce decree obtained by the petitioner from his first wife, So Ngan Lui Young, in the Eighth Judicial District Court of the State of Nevada in and for the County of Clark on February 7, 1967. The visa petition is supported by a statutory declaration executed by Wong Chow, the beneficiary, on November 29, 1966, at Hong Kong declaring that she was married to the petitioner on May 5, 1944 in Pong Wu, Kwong Tung Province,

404

China, and naming five sons and a daughter as the issue of the marriage.

In his brief submitted in connection with the appeal, counsel admits that the petitioner was married to his first wife on January 2, 1925 and that the marriage was not terminated until February 7, 1967. He alleges a marriage to the beneficiary on May 5, 1944. Counsel points out that both marriages were contracted and entered into in China in accordance with Chinese customary law or the Ching Dynasty law which was in effect at that time.[1] Further, under Chinese customary law, it was common for a man to take an additional wife or concubine and such additional wife had the status of a secondary wife. Counsel further alleges that according to the same custom, a man could also promote a concubine or secondary wife to be his principal wife by merely observing certain formalities, principally designed to show the world that he was lifting or promoting his second wife to the principal wife. Counsel cites as his authority Dr. Vernier Y. Chiu, "Marriage Laws and Customs of China."

The alleged marriage between the petitioner and the beneficiary is stated to have occurred on May 5, 1944 in Pong Wu, Kwangtung, China. At the time of the celebration of the marriage, there was in effect the Civil Code of the Republic of China. Article 982 of the Chinese Civil Code provides that a marriage must be celebrated by open ceremony and in the presence of two or more witnesses. Article 985 provides that a person who has a spouse may not contract another marriage. The introduction to the Civil Code of the Republic of China states that the enfranchisement of the woman, who is now placed on the same footing as the man, involves the disappearance of concubinage.[2] The present Chinese Civil Code does not recognize the system of concubinage.[3]

It is therefore established that under the provisions of the Chinese Civil Code, which governed the alleged marriage of the petitioner and the beneficiary in 1944, a marriage must be celebrated by open ceremony in the presence of two or more witnesses and that a person who has a spouse may not contract another marriage. Furthermore, it appears that the system of concubinage was abolished with the introduction in 1930 of the Chinese Civil Code.[3] Inasmuch as the petitioner was married to his first wife from January 1925 until his divorce in February 1967, it follows that the so-called marriage to the beneficiary in 1944 was illegal and void. If the petitioner desires to prosecute a visa peti-

[1] Counsel may have reference to the Imperial Code of the Tsing Dynasty, the Ta Tsing lu li, which was in effect prior to the Civil Code of China.

[2] Civil Code of the Republic of China (1931 Edition) by Hon. Foo Ping-Sheung, p. xxvii.

[3] Yuan, No. 735 (1932); Shang, No. 172 (1932).

tion on behalf of the beneficiary as his spouse, it would appear necessary for him to go through a marriage ceremony with her and then submit a new petition. The appeal will be dismissed.

**ORDER:** It is ordered that the appeal be and the same is hereby dismissed.